### PHOEBE MILLER v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—428.]

**Instruction in Murder Case.**
> An instruction in a homicide case is correct which says to the jury that if they found appellant was present at the time of the killing, and advised, aided or incited the crime, appellant was guilty of manslaughter, or if the killing occurred during a sudden quarrel between the deceased, the accused and the person doing the killing; but if they found the killing was the result of premeditation or previous agreement, or understanding between the accused and the person doing the killing, they should find the appellant guilty of murder.

APPEAL FROM FAYETTE CIRCUIT COURT.

November 8, 1883.

OPINION BY JUDGE HINES:

This is an appeal from a sentence to the penitentiary for thirteen years, on a conviction of manslaughter. The principal objection is that the lower court did not properly instruct the jury as to what kind of participation in the crime on the part of appellant would constitute guilt in case the jury should find that another did the killing.

The court told the jury that if they found appellant was present at the time of the killing and "advised, aided or incited" the crime, appellant was guilty of manslaughter, or if the killing occurred during a sudden quarrel between the deceased, the accused and the person doing the killing; but if they found the killing was the "result of premeditation or previous agreement or understanding" between the accused and the person doing the killing, they should find appellant guilty of murder.

This, we think, is a correct and explicit presentation of the law. Appellant's counsel insist that the law was properly presented in an instruction which was refused by the court. In that instruction,

the court was asked to tell the jury they must find the accused not guilty unless they believe she was present at the killing, and "that she either gave actual aid in the act of striking or shooting, or that said shooting or striking was done pursuant to a common purpose of said John and Phoebe, then and there to kill the deceased, or to do her some great bodily harm." That instruction was properly refused because the language "actual aid in the act of striking or shooting" might be construed by the jury to mean that there must have been a physical participation on the part of the accused in the perpetration of the crime, which is not the law.

Judgment *affirmed*.

*Morton & Parker*, for appellant.

*P. W. Hardin*, for appelle.